| | | |
|---|---|---|
| ANDRE ANTONIO DAVIS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| AMERICAN AUTOMOTIVE | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

     **THIS MATTER** is before the Court on its own motion. After review by the Court, Plaintiff's Complaint (Doc. No. 1) fails to adequately state a claim for which relief may be granted. For the reasons stated herein, the Court hereby orders the Plaintiff's Complaint be **DISMISSED**.

     A court is empowered to dismiss a case *sua sponte* under Rule 12(b) where the plaintiff has clearly failed to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *Grier v. United States*, 57 F.3d 1066 (4th Cir. 1995) (noting that, when it is clear as a matter of law that no relief could be granted under any set of facts, the court is warranted in either granting a motion to dismiss for failure to state a claim or ordering dismissal *sua sponte* under Rule 12(b)(6)) (unpublished); *Allran v. New York Fed. Reserve Bank*, 2010 WL 2163281 (W.D.N.C. May 27, 2010) (dismissing complaint with prejudice under Rule 12(b)(6) where his claims that a conspiracy by defendants to establish a "New World Order" for the purpose of perpetrating an "evil scheme to rule the world [and] engage in intentional, evil, sinful, unlawful and deceitful acts" fail to state a claim upon which relief can be based), *aff'd Allran v. Wells Fargo*, 424 Fed. Appx. 198 (4th Cir. 2011). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally

frivolous claims are based on an indisputedly meritless legal theory and including claims of infringement of a legal interest which clearly does not exist" (quotations omitted)).

Plaintiff has filed 18 lawsuits in this District since September 2020. A number of those lawsuits, alleging similar factual allegations and claims, have already been dismissed as frivolous. (*See* Case Nos. 3:20-cv-542-FDW-DSC, 3:21-cv-150-GCM, 3:21-cv-228-GCM, 3:21-cv-335-GCM, 3:21-cv-00474-GCM, 3:21-cv-00166-MOC-DSC, 3:21-cv-00177-MOC-DCK; 3:21-cv-00056-RJC-WCM; 3:21-cv-00100-RJC-DSC). Plaintiff has been warned that additional frivolous and meritless lawsuits may result in a pre-filing injunction against Plaintiff along with "hefty monetary sanctions." (Case Nos. 3:21-cv-166-MOC-DSC Doc. No. 23; Case No. 3:21-cv-177-MOC-DCK Doc. No. 46).

Here, Plaintiff's Complaint alleges a conspiracy in which Defendant loaded software into Plaintiff's car and, in concert with, among others, the United States, the Infragard, and United Airlines are tracking the Plaintiff and sharing his information across the United States in violation of his constitutional rights for "illegal kickbacks." (Doc. No. 1 ¶ 5). Plaintiff's fifty-one count Complaint brings a myriad of nonsensical claims including, among others, various causes of action under Title 18 of the United States Code, state law, and the United States Constitution. Plaintiff's Complaint is frivolous and fails to state a cognizable claim for which relief may be granted. It is therefore dismissed with prejudice.[1] *See* Fed. R. Civ. P. 12(b)(6).

---

[1] Moreover, Plaintiff has not filed proof of service within 90 days after the Complaint was filed as required by Federal Rule of Civil Procedure 4(m).

**IT IS, THEREFORE, ORDERED** that

1.      The Complaint is **DISMISSED** with prejudice for failure to state a claim pursuant

to Rule 12(b)(6).

2.      The Clerk is directed to close the case.

Signed: February 8, 2022

Robert J. Conrad, Jr.
United States District Judge